UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| OLACHI MEZU-NDUBUISI, an Individual<br><br>                                  Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF WISCONSIN-MADISON, et.al.<br><br>                                  Defendants. | Case No.: 24-cv-31-jdp |

**PLAINTIFF'S OPPOSITION TO UNIVERSITY OF WISCONSIN DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS**

### INTRODUCTION

Plaintiff, Dr. Olachi Mezu-Ndubuisi is a black African woman whose national origin is from Nigeria, a member of the Igbo ethnic group in that nation who sued the defendants, her joint employers and their agents/employees for discrimination based on race, national origin, disability, for retaliation, harassment, abusive and hostile work environment, FMLA Interference, FMLA Retaliation, and disparate treatment.

Dr. Olachi Mezu-Ndubuisi was hired in 2013 as an Assistant Professor and physician-scientist in the Division of Neonatology, Department of Pediatrics at University of Wisconsin (UW) School of Medicine and Public Health with an affiliate appointment in the Department of

1

Ophthalmology and Visual Sciences. She has a Doctor of Optometry degree, summa cum laude, prior to obtaining a medical degree, and completing three years of Pediatric residency, and more than three years of neonatology fellowship training.

Upon hire in 2013, Dr. Mezu-Ndubuisi was unfairly subjected to monitoring and restrictions on her clinical work at Meriter Hospital, despite exceeding expectations in her evaluations. The defendants acted jointly and severally.

The complaint provides in detail a pattern of unfair treatment, discrimination, and retaliation against the Plaintiff, Dr. Mezu-Ndubuisi who was the only underrepresented minority neonatologist in the division for several years and faced discrimination in the false and biased patient safety reporting, unjustly targeted, Discriminated against for Advocating for Safe Care of a Minority Child who died, retaliation for Reporting Racial Discrimination in Patient Safety Reporting and subjected to harassment and an abusive and hostile work environment. Other similarly situated colleagues who were not Black African Americans of Nigerian national origin were not subjected to such treatment.

The defendants systematically took down the Plaintiff's dignity, good name, reputation, and job because she opposed and complained about the unfair treatment, discrimination, retaliation, harassment, hostile work environment, and disparate treatment that they subjected her to. The discrimination and retaliation increased when she sought to have them addressed and remedied. The defendants interfered with her FMLA and retaliated against her by refusing to let her return to work after she had been cleared by her doctors.

The defendants ordered her to undergo invasive and onerous testing in order to keep her position after she returned from her FMLA. Other similarly situated employees who were not

Black African Americans of Nigerian origin were not subjected to such testing after they returned from FMLA.

Defendants, then constructive discharged her after she sailed through their onerous and invasive testing.

Plaintiff suffered significant damages, including extreme emotional distress, pain and suffering past and future lost wages and benefits, and attorney fees, costs of suit as a result of the defendants' discriminatory and punitive actions.

Plaintiff filed her complaint on January 17, 2024. (Document No. 1). Defendants filed their motions to dismiss her complaint which are still pending. (Document ("Doc.") Nos. 35 and 38). The plaintiff filed her response in opposition to the motions to dismiss detailing the fundamental errors of law and facts upon which their motions were based. (Doc. Nos. 41 and 42).

The parties conferred pursuant to Federal Rules of Civil Procedure Rule 26(f) and filed their Joint Rule 26(f) Report and Discovery plan with the court on March 19, 2024. (Doc. No. 47). On March 22, 2024, the parties held a telephonic pretrial conference with the court.

(Doc. No. 50 ). The court informed the parties that no discovery could be initiated until it was approved by the court. A deadline of March 29, 2024 was set for the defendants to file their motions to stay discovery while their motions to dismiss was pending. Plaintiff served her initial disclosures on the defendants on March 26, 2024. The defendants refused to serve theirs until the resolution of the pending motions to dismiss.

On April 1, 2024, the court set a deadline of April 19, 2024 for plaintiff to file her response in opposition to the defendants' motions for stay of discovery.

## **LEGAL STANDARD**

Stays of discovery are routinely granted in special cases such as antitrust or civil cases with related criminal proceedings pending, securities litigations but not in Federal civil litigation cases. Courts have stated that the mere filing of a motion to dismiss, standing alone, is not sufficient grounds for staying discovery. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)

Courts have even allowed discovery against the defendants even when there was a claim of qualified immunity in a motion to dismiss. See *Seeds of Peace Collective v. City of Pittsburgh,* No. 09-1275, 2010 WL 2990734, at *3 (W.D. Pa. July 28, 2010)

As with any pause in civil proceedings, stays of discovery are not to be granted lightly, "since a party has a right to a determination of its rights and liabilities without undue delay." *Ferrell v. Wyeth-Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 U.S. Dist. LEXIS 25358, at *7 (S.D. Ohio Oct. 24, 2005) (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)).

To be entitled to a stay, a movant must demonstrate both (1) a need for delay and (2) a lack of prejudice to both the nonmoving party and the public. See, e.g., *Dummen Na, Inc. v. Proven Winners N. Am. LLC,* No. 2:16-cv-00709, 2017 U.S. Dist. LEXIS 217181, at *5 (S.D. Ohio May 3, 2017).

## ARGUMENTS

1. **Stay of Discovery pending the outcome of a dispositive motion is determined on a case-by-case basis.**

Defendants quoted *Chudasama v. Mazda Motor Corp.* 123 F.3d 1353 (11th Cir. 1997) and relied on it in arguing that discovery should be stayed while a motion to dismiss is pending. But, they could not have been more wrong as demonstrated below.

A blanket rule staying discovery in Dr. Mezu-Ndubuisi's case should not be applied here as argued by the Defendants. There are many cases from many circuits including the 11th circuit where discovery was not stayed and those cases were distinguished from the *Chudasama* case. See, *Gannon v. Flood*, No. 08-60059-CIV, 2008 WL 793682, at *1 (S.D. Fla. Mar. 24, 2008) (noting that Chudasama "**does not indicate a broad rule that discovery should be deferred whenever there is a pending motion to dismiss**"); *S.K.Y. Mgmt. L.L.C. v. Greenshoe, Ltd.*, No. 06-21722-CIV, 2007 WL 201258, at *1–2 (S.D. Fla. Jan. 24, 2007) (distinguishing Chudasama because this case was "a straightforward commercial case" and instead conducting preliminary review of legal issues in motion to dismiss).

This court should reject the defendants' arguments in relying on *Chudasama* as it can be easily differentiated from Dr. Mezu-Ndubuisi's case in the following ways:

a. The *Chudasamas* case was an unusually complex and contentious products liability action that they filed against Mazda Motor Corporation, a Japanese corporation. Dr. Mezu-Ndubuisi's case is an employment liability case along with FMLA claims and is not complex as there was no notation of that by the parties in the joint report that was filed in this court. (Doc. No. 47 ). It is also not a contentious case.

5

b. In the *Chudasamas* case, the basis of federal jurisdiction was diversity of citizenship while Dr. Mezu-Ndubuisi's basis for federal jurisdiction is federal question.

c. The *Chudasamas* served Mazda with their first interrogatories and requests for production with the court quoting as follows:

> " Both documents were models of vague and overly broad discovery requests. The production requests, for example, contained 20 "special instructions," 29 definitions, and 121 numbered requests (some containing as many as 11 subparts). Similarly, the interrogatories contained 18 "special instructions," 29 definitions, and 31 numbered interrogatories. "One" interrogatory included five separate questions that applied to each of the 121 numbered requests for production, arguably expanding the number of interrogatories to 635" *Chudasama v. Mazda Motor Corp.* at 1357.

In Dr. Mezu-Ndubuisi's case, the FMLA legislation and Employment law causes of action are not 'novel' areas of law. They are indeed established areas of law and straightforward. Additionally, Dr. Mezu-Ndubuisi has not propounded any discovery and her counsel is aware of the limitations of Interrogatories, Requests for Production of Documents and Requests for Admission to 30 questions including subparts.

d. The *Chudasamas'* product liability claim against Mazda of Japan was based on Fraud and false advertising. Dr. Mezu-Ndubuisi's claims against the Defendants contain no such basis.

Staying discovery is on a case-by-case basis and should not be broadly applied in every case regardless of the facts and circumstances of the case. Dr. Mezu-Ndubuisi should be allowed to conduct discovery regarding the facts and circumstances of the discriminatory treatment that was meted out to her by the defendants. She should be able to discover documents and information

6

about discrimination in false patient safety reports, how other similarly situated colleagues who were not minorities were treated, how the false reports against her were handled in comparison to other similarly situated non-minority colleagues. She should be able to discover whether other similarly situated non-minorities were ordered to take Vanderbilt testing and focused monitoring after they returned from FMLA.

Dr. Mezu-Ndubuisi should be allowed to discover these information even while the motion to dismiss is pending to prevent Prejudice.

**2. Defendants Are Wrong When They State That Prejudice to the Plaintiff Will Be Minimal If Discovery is Stayed.**

At least the defendants in their motion have conceded that a stay of discovery will be prejudicial to the plaintiff. Defendants in their conclusory manner only state that 'the prejudice to the plaintiff will be minimal' without explaining what they mean by prejudice or why and how the prejudice will only be 'minimal'. (Doc. No. 51, page 3 of Defendants' Motion to Stay Discovery). Plaintiff is continuing to suffer real harm as time continues to pass, witnesses' memories fade, documents disappear or may become unavailable, witnesses that are crucial to the resolution of the case may die, become incapacitated or leave the state and may become unavailable or outside the reach of the defendants and the court. These are real harm and greatly prejudicial to the plaintiff for the litigation of the discriminatory acts that were committed against her by the defendants and their agents.

Delays in discovery are harmful, as documents are lost or destroyed, witnesses' memories fade, or witnesses become unavailable and evidence may be spoiled. These are events that occurred since 2020 and 2021 going on to 4 years. Time is not on the plaintiff's side.

If the stay is granted, the potential harm to the plaintiff is that the motion to dismiss will be denied, in whole or in part, and then discovery will have been delayed, which would therefore delay the ultimate resolution of the case. If Dr. Mezu-Ndubuisi were to prevail, but either does not or cannot recover for harms incurred during the delay, such irreparable harm cannot be compensated for by money damages.

The harm to the plaintiff will be extremely great and immeasurable not 'minimal'.

3. **A Stay of Discovery Also Prejudices The Court.**

A stay of discovery prejudices the court by causing delays in discovery and clogging up the court's docket. See *Roueche v. United States*, No. 09-cv-00048-WDM-BNB, 2010 WL 420040, at *2 (D. Colo. Feb. 1, 2010) (noting "the general interests of controlling the court's docket and the fair and speedy administration of justice"); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988) (noting that motions to stay "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems").

Allowing discovery while the rulings on the motions to dismiss are pending will promote judicial economy and efficiency.

4. **The Costs And Burdens Of Allowing Discovery On The Defendants Are Outweighed By The Harms Associated With Delay.**

The court should allow discovery to proceed, despite its costs and burdens on the parties and the court, because such discovery is unlikely to prove wasteful and any risk is outweighed by the harms associated with delay. Defendants argue about the costs and burdens of discovery but have failed to provide any evidence to back up their assertions. *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, No. 1:04–CV–477, 2007 WL 1164970, at *4 (N.D.Ind. Apr.18, 2007) (quotation omitted) ("[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome."). This showing typically requires affidavits or other evidence supporting a party's assertions of burden. See, e.g., *Jenkins v. White Castle Mgmt. Co.,* No. 12 C 7273, 2014 WL 3809763, at *2 (N.D.Ill. Aug.4, 2014).

Defendants have simply failed to show how allowing discovery would be burdensome to them when 100% of the documents involved are in electronic form and are easily accessible. Gone are the days of stacking up and printing tons and tons of boxes of documents that are shipped to the party in discovery requests. Defendants have simply not presented any good cause and any evidence to show how discovery would be costly to them or burdensome if it is allowed. The risks of not allowing discovery which have been discussed in detail outweigh the costs and burden on the defendants.

If routine costs of discovery alone could justify a stay, stays would be automatic upon the filing of a dispositive motion; obviously, they are not. See *Griffiths v. Ohio Farmers Ins. Co.,* No. 1:09-CV-1011, 2010 U.S. Dist. LEXIS 69249, at *7 (N.D. Ohio July 12, 2010). Defendants have

9

presented no authority to suggest that their own routine costs weigh more heavily than other litigants' costs, and so have provided no reason for a stay on that basis.

Also, defendants have not presented any affidavits or other evidence to show that allowing discovery would be costly and burdensome to them. Defendants' request should be denied.

5. **Defendants could not find any cases in the Western District of Wisconsin to back up their arguments for a stay.**

Defendants could not even find any cases in the Western District of Wisconsin to buttress their argument that a stay of discovery should be allowed. The cases that they cited are from other districts and none of them have anything to deal with the employment litigation and FMLA issues in Dr. Mezu-Ndubuisi's case.

The defendants cited the *Chudasamas* case which the plaintiff has discussed extensively. That case was a product liability suit that dealt with Fraud. Again, Dr. Mezu-Ndubuisi's employment litigation case has nothing to do with the issues in the product liability case involving Fraud that was the issue in *Chudasamas* case. Defendants then submitted this case whose citation is only available in Westlaw from the Southern District of Indiana, *David DEBOARD v. BH URBAN STATION, LLC, Birge & Held Management Corp., Grand Contracting, LLC*, 2015 WL 3961221; 2023 WL 1363346. The defendants' motion to dismiss in this Indiana case was premised on the plaintiff's lack of standing and so a stay of discovery was granted. That is not the situation in Dr. Mezu-Ndubuisi's case. There is no standing issue in her case.

6. **Defendants Argue About HIPAA As A Reason To Stay Discovery**

Defendants' arguments are disingenuous. The parties are aware that some of the issues in the case involve discrimination in false patient safety reporting and also retaliation against Dr. Mezu-Ndubuisi for advocating for a minority family who lost a child in the defendants' hospital. So, there is no question that 3rd party patient medical records, information will be implicated. To that end, the parties have already agreed to institute a protective order as signed and agreed to by the defendants and the plaintiff in the March 19, 2024 Joint Rule 26(f) Report and Discovery plan attached as (Exhibit 1 – Doc. No. 47). The last sentence of Exhibit 1, Page 11, paragraph 5 reads as follows:

> 'The parties agree that a protective order is required to protect the parties and patients' or students' confidential records'.

Additionally, page 10 of Exhibit 1, paragraph 4 proposes the ability to claw back inadvertently disclosed information and reads as follows:

> 'The parties agree that an inadvertent disclosure in discovery of privileged material does not constitute a waiver of the privilege pursuant to Fed. R. Evid. 502 and propose the ability to claw back inadvertently disclosed information.'

The parties already have an agreement that a protective order is required to protect the parties and patients' or students' confidential records and have made provisions for inadvertent disclosures if that ever arises. To deny Dr. Mezu-Ndubuisi discovery because it implicates patients' and students' records is a denial of justice for Dr. Mezu-Ndubuisi and very prejudicial to her as she will be unable to get the documents, information that are necessary to prosecute her

case. These are documents that are in the custody and control of the defendants and need to be discovered to avoid unfair prejudice to the plaintiff.

## **CONCLUSION**

Defendants have failed to present any cogent arguments and facts to support their argument for a stay of discovery. There is simply no good cause that has been presented to overcome the prejudice that the plaintiff will suffer if a stay of discovery is imposed. Defendants have failed to meet their burden to show a legitimate need for the stay and that plaintiff will not be harmed by further delays.

Based on the above, plaintiff respectfully requests that the defendants' motion to stay discovery while the motion to dismiss is pending be denied.

Dated: April 19, 2024                                              Respectfully Submitted,

                                                                                        ____/s/ C. Valerie Ibe, Esq._____
                                                                                        C. Valerie Ibe, Esq.
                                                                        Attorney for Plaintiff, Dr. Olachi Mezu-Ndubuisi.