UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| OLACHI MEZU-NDUBUISI, an Individual<br><br>                              Plaintiff,<br>vs.<br><br>UNIVERSITY OF WISCONSIN-MADISON, et.al.<br><br>                              Defendants. | Case No.: 24-cv-31-jdp |

## PLAINTIFF'S OPPOSITION TO MERITER DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS

Plaintiff, Dr. Olachi Mezu-Ndubuisi files her opposition to the Meriter defendants' motion to stay discovery pending the resolution of their motion to dismiss.

### INTRODUCTION

Plaintiff, Dr. Olachi Mezu-Ndubuisi is a black African woman whose national origin is from Nigeria, a member of the Igbo ethnic group in that nation who sued the defendants, University of Wisconsin-Madison, ("UW") and UnityPoint Health Meriter ("Meriter defendants"), collectively known as her joint employers and their agents/employees for discrimination based on race, national origin, disability, for retaliation, harassment, abusive and hostile work environment, FMLA Interference, FMLA Retaliation, and disparate treatment.

1

Dr. Olachi Mezu-Ndubuisi was hired in 2013 as an Assistant Professor and physician-scientist in the Division of Neonatology, Department of Pediatrics at University of Wisconsin (UW) School of Medicine and Public Health with an affiliate appointment in the Department of Ophthalmology and Visual Sciences. She has a Doctor of Optometry degree, summa cum laude, prior to obtaining a medical degree, and completing three years of Pediatric residency, and more than three years of neonatology fellowship training.

Upon hire in 2013, Dr. Mezu-Ndubuisi was unfairly subjected to monitoring and restrictions on her clinical work at Meriter Hospital, despite exceeding expectations in her evaluations. The defendants acted jointly and severally.

The complaint provides in detail a pattern of unfair treatment, discrimination, and retaliation against the Plaintiff, Dr. Mezu-Ndubuisi who was the only underrepresented minority neonatologist in the division for several years and faced discrimination in the false and biased patient safety reporting, unjustly targeted, Discriminated against for Advocating for Safe Care of a Minority Child who died, retaliation for Reporting Racial Discrimination in Patient Safety Reporting and subjected to harassment and an abusive and hostile work environment. Other similarly situated colleagues who were not Black African Americans of Nigerian national origin were not subjected to such treatment.

The defendants systematically took down the Plaintiff's dignity, good name, reputation, and job because she opposed and complained about the unfair treatment, discrimination, retaliation, harassment, hostile work environment, and disparate treatment that they subjected her to. The discrimination and retaliation increased when she sought to have them addressed and remedied. The defendants interfered with her FMLA and retaliated against her by refusing to let her return to work after she had been cleared by her doctors.

The defendants ordered her to undergo invasive and onerous testing in order to keep her position after she returned from her FMLA. Other similarly situated employees who were not Black African Americans of Nigerian origin were not subjected to such testing after they returned from FMLA.

Defendants, then constructive discharged her after she sailed through their onerous and invasive testing.

Plaintiff suffered significant damages, including extreme emotional distress, pain and suffering past and future lost wages and benefits, and attorney fees, costs of suit as a result of the defendants' discriminatory and punitive actions.

Plaintiff filed her complaint on January 17, 2024. (Document No. 1). UW defendants and Meriter defendants filed their motions to dismiss her complaint which are still pending. (Document ("Doc.") Nos. 35 and 38, respectively). The plaintiff filed her response in opposition to the motions to dismiss detailing the fundamental errors of law and facts upon which their motions were based. (Doc. Nos. 41 and 42).

The parties conferred pursuant to Federal Rules of Civil Procedure Rule 26(f) and filed their Joint Rule 26(f) Report and Discovery plan with the court on March 19, 2024. (Doc. No. 47). On March 22, 2024, the parties held a telephonic pretrial conference with the court.

(Doc. No. 50 ). The court informed the parties that no discovery could be initiated until it was approved by the court. A deadline of March 29, 2024 was set for the defendants to file their motions to stay discovery while the ruling on their motions to dismiss was pending. Plaintiff served her initial disclosures on the defendants on March 26, 2024. The defendants refused to serve theirs until the resolution of the pending motions to dismiss.

On April 1, 2024, the court set a deadline of April 19, 2024 for plaintiff to file her response in opposition to the defendants' motions to stay discovery pending the resolution of the motions to dismiss.

## **LEGAL STANDARD**

Stays of discovery are routinely granted in special cases such as antitrust or civil cases with related criminal proceedings pending, securities litigations but not in Federal civil litigation cases. Courts have stated that the mere filing of a motion to dismiss, standing alone, is not sufficient grounds for staying discovery. *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)

As with any pause in civil proceedings, stays of discovery are not to be granted lightly, "since a party has a right to a determination of its rights and liabilities without undue delay." *Ferrell v. Wyeth-Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 U.S. Dist. LEXIS 25358, at *7 (S.D. Ohio Oct. 24, 2005) (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)).

To be entitled to a stay, a movant must demonstrate both (1) a need for delay and (2) a lack of prejudice to both the nonmoving party and the public. See, e.g., *Dummen Na, Inc. v. Proven Winners N. Am. LLC,* No. 2:16-cv-00709, 2017 U.S. Dist. LEXIS 217181, at *5 (S.D. Ohio May 3, 2017).

4

## ARGUMENTS

1. **Stay of Discovery pending the outcome of a dispositive motion is determined on a case-by-case basis.**

Defendants' motion to stay discovery is premised on the assumption that individual defendants' motion to dismiss based on improper service advances meritorious arguments. That assumption is false. (See pages 20 to 23 of Doc. No. 42). See *Feldman v. Flood,* 176 F.R.D. at 653 **(denying** motion to **stay discovery pending motion** to **dismiss** because "even a decision granting the **motion** to **dismiss** would not necessarily dispose of the case because plaintiffs could seek leave to file an amended complaint")

Staying discovery is on a case-by-case basis and should not be broadly applied in every case regardless of the facts and circumstances of the case. Dr. Mezu-Ndubuisi should be allowed to conduct discovery regarding the facts and circumstances of the discriminatory treatment that was meted out to her by the defendants. She should be able to discover documents and information about discrimination in false patient safety reports, how other similarly situated colleagues who were not minorities were treated, how the false reports against her were handled in comparison to other similarly situated non-minority colleagues. She should be able to discover whether other similarly situated non-minorities were ordered to take Vanderbilt testing and focused monitoring after they returned from FMLA. Dr. Mezu-Ndubuisi should be allowed to discover these information even while the motion to dismiss is pending to prevent Prejudice.

In *Cohn v. Taco Bell Corp.,* 147 F.R.D. 154, 162 (N.D. Ill. 1993) **("staying discovery** is particularly inappropriate in this case because even if defendant were successful, defendant's motion would not be dispositive of the entire case. We hold to the principal that `motions to **stay**

**discovery** are not favored and are rarely appropriate where the resolution of the dispositive motion may not dispose of the entire case.' ") (quoting *Hovermale v. School Bd. of Hillsborough Cnty.,* 128 F.R.D. 287, 289 (N.D. Fla. 1989))

**2. Defendants Failed to Present Any Arguments About Prejudice to the Plaintiff if Discovery is Stayed.**

Defendants failed to present any arguments about prejudice to the plaintiff if discovery is stayed pending the resolution of the motion to dismiss. That is one of the burdens that they have to meet in order to present a viable claim to stay discovery. Plaintiff is continuing to suffer real harm as time continues to pass, witnesses' memories fade, documents disappear or may become unavailable, witnesses that are crucial to the resolution of the case may die, become incapacitated or leave the state and may become unavailable or outside the reach of the defendants and the court. These are real harm and greatly prejudicial to the plaintiff for the litigation of the discriminatory acts that were committed against her by the defendants and their agents.

Delays in discovery are harmful, as documents are lost or destroyed, witnesses' memories fade, or witnesses become unavailable and evidence may be spoiled. These are events that occurred since 2020 and 2021 going on to 4 years. Time is not on the plaintiff's side. Defendants are wrong when they state without evidence in their motion that discovery in this case goes back to 2013.

If the stay is granted, the potential harm to the plaintiff is that the motion to dismiss will be denied, in whole or in part, and then discovery will have been delayed, which would therefore delay the ultimate resolution of the case. If Dr. Mezu-Ndubuisi were to prevail, but either does

not or cannot recover for harms incurred during the delay, such irreparable harm cannot be compensated for by money damages. A party seeking a **stay** in **discovery** carries a heavy burden of making a "strong showing" why **discovery** should be **denied;** motions to delay **discovery** are disfavored because they can cause unnecessary expense and problems. *Seer° Skellerup Indus. Ltd. v. City of Los Angeles,* 163 F.R.D. 598, 600 (C.D. Cal. 1995) *quoting* **ReBlankenship** v. *Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975).

The harm to the plaintiff will be extremely great and immeasurable.

3. **A Stay of Discovery Also Prejudices The Court.**

A stay of discovery prejudices the court by causing delays in discovery and clogging up the court's docket. See *Roueche v. United States*, No. 09-cv-00048-WDM-BNB, 2010 WL 420040, at *2 (D. Colo. Feb. 1, 2010) (noting "the general interests of controlling the court's docket and the fair and speedy administration of justice"); *Simpson v. Specialty Retail Concepts, Inc*., 121 F.R.D. 261, 263 (M.D.N.C. 1988) (noting that motions to stay "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems").

Allowing discovery while the rulings on the motions to dismiss are pending will promote judicial economy and efficiency.

4. **The Costs And Burdens Of Allowing Discovery On The Defendants Are Outweighed By The Harms Associated With Delay.**

The court should allow discovery to proceed, despite its costs and burdens on the parties and the court, because such discovery is unlikely to prove wasteful and any risk is outweighed by the

harms associated with delay. Defendants did not bother to argue or even try to present any arguments about any potential costs and burdens of discovery. They have failed to meet their burden. *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, No. 1:04–CV–477, 2007 WL 1164970, at *4 (N.D.Ind. Apr.18, 2007) (quotation omitted) ("[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome."). This showing typically requires affidavits or other evidence supporting a party's assertions of burden. See, e.g., *Jenkins v. White Castle Mgmt. Co.,* No. 12 C 7273, 2014 WL 3809763, at *2 (N.D.Ill. Aug.4, 2014).

Defendants did not present any evidence to show that allowing discovery would be burdensome to them when 100% of the documents involved are in electronic form and are easily accessible. Gone are the days of stacking up and printing tons and tons of boxes of documents that are shipped to the party in discovery requests. Defendants have simply not presented any good cause and any evidence to show how discovery would be costly to them or burdensome if it is allowed. The risks of not allowing discovery which have been discussed in detail outweigh the costs and burden on the defendants.

If routine costs of discovery alone could justify a stay, stays would be automatic upon the filing of a dispositive motion; obviously, they are not. See *Griffiths v. Ohio Farmers Ins. Co.,* No. 1:09-CV-1011, 2010 U.S. Dist. LEXIS 69249, at *7 (N.D. Ohio July 12, 2010). Defendants have presented no authority to suggest that their own routine costs weigh more heavily than other litigants' costs, and so have provided no reason for a stay on that basis.

Also, defendants have not presented any affidavits or other evidence to show that allowing discovery would be costly and burdensome to them. Defendants' request should be denied as they have failed to meet their burden.

5. **Defendants could not find any cases in the Western District of Wisconsin to back up their arguments for a stay.**

Defendants could not even find any cases in the Western District of Wisconsin to buttress their argument that a stay of discovery should be allowed. The cases that they cited are from other districts and none of them have anything to deal with the employment litigation and FMLA issues in Dr. Mezu-Ndubuisi's case.

The defendants cited the *Jones v. City of Elkhart, Ind*., 737 F.3d 1107, 1115 (7th Cir. 2013) case which is a criminal case that dealt with discovery disputes and abuse. In that case, Jones asked to inspect approximately eleven years of records of arrests and traffic stops made by the Elkhart Police Department, encompassing 59,092 arrests and 120,862 citations among other outrageous requests from him.

Again, Dr. Mezu-Ndubuisi's employment litigation case has nothing to do with the issues in the Jones case. There has been no discovery in Dr. Mezu-Ndubuisi's case, let alone discovery disputes and abuse that will force the court to exercise its broad powers to stay or limit discovery.

Defendants simply have no arguments and have been unable to meet the burden for a stay of discovery pending resolution of the motion to dismiss.

**CONCLUSION**

Defendants have failed to present any cogent arguments and facts to support their argument for a stay of discovery. There is simply no good cause that has been presented to overcome the prejudice that the plaintiff will suffer if a stay of discovery is imposed. Defendants have failed to meet their burden to show a legitimate need for the stay and that plaintiff will not be harmed by further delays.

Based on the above, plaintiff respectfully requests that the defendants' motion to stay discovery while the motion to dismiss is pending be denied.

Dated: April 19, 2024                              Respectfully Submitted,


                                    ____/s/ C. Valerie Ibe, Esq._____
                                    C. Valerie Ibe, Esq.
                           Attorney for Plaintiff, Dr. Olachi Mezu-Ndubuisi.