IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OLACHI MEZU-NDUBUISI,

                Plaintiff,

  v.

BD. OF REGENTS OF THE UNIV. OF WIS. SYS.,
ROBERT GOLDEN, ELLEN WALD, RYAN
MCADAMS, and UNITYPOINT HEALTH–MERITER
HOSPITAL,

                Defendants.

OPINION and ORDER

24-cv-31-jdp

---

    Plaintiff Dr. Olachi Mezu-Ndubuisi, a black American woman of Nigerian national origin, was employed as a physician-scientist at the University of Wisconsin School of Medicine and Public Health. She had practice privileges both at the UW Hospital and at UnityPoint Health–Meriter Hospital. She alleges that defendants at both institutions mistreated her because of her race, national origin, and disability, retaliated against her for using medical leave for herself, and interfered with her ability to use medical leave for her daughter. Mezu-Ndubuisi brings claims under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), the Rehabilitation Act, and the Family Medical Leave Act (FMLA).

    The UW Hospital defendants and Meriter defendants separately moved to dismiss. Dkt. 65 and Dkt. 67. Defendants contended that Mezu-Ndubuisi's Title VII and ADA claims were untimely, and I converted the motions to dismiss into ones for summary judgment on this issue. I provisionally concluded that the Title VII and ADA claims were untimely, determining that Mezu-Ndubuisi brought this lawsuit more than 90 days after receiving notice of her right to sue. Dkt. 95. But I gave Mezu-Ndubuisi an opportunity to show cause why summary judgment should not be granted on her Title VII and ADA claims.

Mezu-Ndubuisi filed separate responses to my show cause order, one related to her claims against the UW Hospital defendants and the other concerning her claims against the Meriter defendants. Dkt. 97 and Dkt. 100. Based on the parties' arguments and the evidence, I will grant summary judgment to both the Meriter and UW Hospital defendants on the timeliness issue.

## ANALYSIS

The basic rule is that under Title VII and the ADA, a plaintiff must file her suit within 90 days from the date the EEOC right-to-sue notice is actually received by the plaintiff or her attorney. *See Houston v. Sidley & Austin*, 185 F.3d 837, 838–39 (7th Cir. 1999); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984) (per curiam). Title VII requires strict adherence to statutory time limits, although those limits are subject to equitable tolling in appropriate cases. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002).

### A. Meriter defendants

It's undisputed that Mezu-Ndubuisi's counsel, Valerie Ibe, received actual notice of the right to sue the Meriter defendants on July 12, 2023. Dkt. 95 at 5; Dkt. 98 ¶ 7. Mezu-Ndubuisi brought this action well over 90 days later, on January 17, 2024, so her Title VII and ADA claims against the Meriter defendants are untimely unless equitable tolling applies. Equitable tolling is not the norm; it is reserved for unusual circumstances in which the claimant has been diligently pursuing judicial remedies but makes an understandable error or is induced by her adversary to miss the deadline. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Threadgill v. Moore USA, Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) ("Equitable tolling . . . is reserved for situations in which the claimant has made a good faith error . . . or has been

2

prevented in some extraordinary way from filing his complaint in time."). Mere ignorance of the law or inadvertence, whether by Mezu-Ndubuisi or Ibe, does not warrant equitable tolling. *See Schmidt v. Wis. Div. of Vocational Rehab.*, 502 F. App'x 612, 614 (7th Cir. 2013); *Reschny v. Elk Grove Plating Co.*, 414 F.3d 821, 823 (7th Cir. 2005); *Threadgill*, 269 F.3d at 850–51.

Mezu-Ndubuisi says that she's entitled to equitable tolling for the period from October 9, 2023, to January 5, 2024. During that time, Mezu-Ndubuisi's lawsuit against defendants was pending in another district. *See Mezu-Ndubuisi v. Univ. of Wis.–Madison*, 23-cv-8515 (C.D. Cal.). I previously determined that her claim for equitable tolling was doubtful because there wasn't a good reason for her to bring a case in the Central District of California; there was no plausible basis for venue in California or personal jurisdiction over the Wisconsin-based defendants. Mezu-Ndubuisi hasn't shown any error in this determination. She mostly repeats her jurisdictional arguments that the Central District of California rejected. *See* Dkt. 66 in the '8515 case. That court didn't address venue. A special venue provision governs Title VII and ADA claims. 42 U.S.C. § 2000e-5(f)(3); *see also* 42 U.S.C. § 12117(a). But it's not apparent how § 2000e-5(f)(3) could support venue in California, and Mezu-Ndubuisi hasn't explained how it does.

I concluded in my previous order that, even if I credited Mezu-Ndubuisi with the time the California case was pending, she wouldn't establish equitable tolling for the full delay. I noted that, for unexplained reasons, Mezu-Ndubuisi filed the California case 89 days after she received notice of the right to sue for the Meriter defendants. Mezu-Ndubuisi explains that she didn't file that case earlier for two main reasons. First, "she was looking for a counsel that was licensed in the Central District of California to represent her." Dkt. 100 at 9. Mezu-Ndubuisi says that her original agreement with Ibe "was for EEOC representation[,] not

3

to file suit." *Id.* Second, Mezu-Ndubuisi "was . . . waiting to receive the notice of the right to sue for the UW Hospital defendants so that both suits could be filed at once rather than one after the other." *Id.* at 10. She says that she didn't receive actual notice of her right to sue the UW Hospital defendants until December 13, 2023. *Id.* at 8.

Neither of these reasons describes an extraordinary circumstance that warrants equitable tolling. Regarding the search for counsel, Mezu-Ndubuisi hasn't explained why she couldn't retain another attorney before she allowed nearly the entire 90-day period to expire. She ultimately retained Ibe, and there's reason to think that she could have retained another attorney sooner. Besides, Mezu-Ndubuisi could have brought the California case without counsel (as she initially did this case) and continued her search for counsel during the pendency of that case.

The second reason, the desire to sue the Meriter and UW Hospital defendants in the same case, describes mere convenience. Even if Mezu-Ndubuisi was not required to file suit against the UW Hospital defendants until she received actual notice of her right to sue them, she could have promptly sued the Meriter defendants then sought leave to amend to bring claims against the UW Hospital defendants.

For similar reasons, Mezu-Ndubuisi hasn't shown that she's entitled to equitable tolling for the 12-day period between the dismissal of the California lawsuit and the filing of this action. She knew that she had allowed 89 days of the limitations period to expire, so she should have acted with greater diligence. Ibe apparently stopped representing Mezu-Ndubuisi after the California case was dismissed, but proceeding without counsel alone is not an extraordinary circumstance warranting equitable tolling.

4

No reasonable factfinder could conclude that Mezu-Ndubuisi is entitled to equitable tolling on her Title VII and ADA claims against the Meriter defendants. I will grant summary judgment to the Meriter defendants on these claims on the timeliness issue.

## B. UW Hospital defendants

The parties dispute when the 90-day statute of limitations on Mezu-Ndubuisi's Title VII and ADA claims against the UW Hospital defendants started to run. Mezu-Ndubuisi says that the relevant date is December 13, 2023, when Ibe obtained a copy of the EEOC's right-to-sue notice for the UW Hospital defendants. The UW Hospital defendants say that Mezu-Ndubuisi had constructive notice of her right to sue them on April 3 or May 25, 2023. On those dates, the EEOC issued notices of the right to sue the UW Hospital defendants. *See* Dkt. 36-3 at 1; Dkt. 56-1 at 1.

When actual receipt of the right-to-sue letter is delayed by fault of the plaintiff, "the constructive receipt doctrine applies and the 90–day clock starts running once delivery is attempted at the last address provided." *Reschny*, 414 F.3d at 823. The primary issue is whether Mezu-Ndubuisi is at fault for her delay in obtaining copies of the April 3 and May 25 right-to-sue notices.

I begin with the April 3 notice. The UW Hospital defendants say that the EEOC issued this notice electronically on that date. Dkt. 84 at 2. The evidence supports this statement. As Mezu-Ndubuisi admits, a log obtained through a Freedom of Information Act (FOIA) request shows that the UW Hospital defendants logged into the EEOC's online portal and obtained a copy of that document no later than April 13, 2023. *See* Dkt. 71 at 8 (citing Dkt. 71-13). Mezu-Ndubuisi also says, and the evidence shows, that she was still using the personal email address provided in her initial charge of discrimination when the EEOC issued the April 3

5

notice. *See* Dkt. 99 ¶ 7; Dkt. 41-1 at 1; Dkt. 97-9. There is strong evidence that Mezu-Ndubuisi received notice of the April 3 notice by email but, for unexplained reasons, failed to log into the EEOC portal to obtain it.

There is more evidence that any failure to receive notice was Mezu-Ndubuisi's fault. The UW Hospital defendants say that the EEOC mailed the May 25 notice to Mezu-Ndubuisi's former residence in Fitchburg, Wisconsin, at the address she provided in her initial charge. Dkt. 41-1 at 1; Dkt. 84 at 3. The evidence supports this statement. The May 25 notice states that the EEOC was mailing a second notice to Mezu-Ndubuisi's Fitchburg address, her address of record, because it had sent her email notification of the April 3 notice but she hadn't logged into the portal to download it. Dkt. 56-1 at 1. The FOIA log contains entries stating that the May 25 notice was mailed to Mezu-Ndubuisi. *See* Dkt. 71-13 at 5. But in June 2022, Mezu-Ndubuisi had relocated to Rochester, New York, and she failed to update her address with the EEOC as she was required to do. *See* Dkt. 95 at 7.

Despite the FOIA log entries, Mezu-Ndubuisi contends that the EEOC did not mail the May 25 notice to her Fitchburg address. Dkt. 97 at 11. She says that, even though the U.S. Postal Service started forwarding mail from her Fitchburg address to her Rochester address in September 2022, she did not receive the May 25 notice in Rochester. *See id.*; Dkt. 97-2. But Mezu-Ndubuisi doesn't explain why she failed to update her address with the EEOC. If she recognized the importance of updating her address with the USPS, she should have recognized the necessity to do the same with the EEOC. *See* Dkt. 95 at 7 ("Mezu-Ndubuisi acknowledged her obligation to update her address when she signed the [initial] EEOC charge."). Mezu-Ndubuisi's choice to rely on the USPS to forward the charge instead of ensuring that the EEOC could mail it to her directly does not demonstrate diligence. The evidence shows two attempts

6

by the EEOC to deliver the right-to-sue notice and Mezu-Ndubuisi's failure to update her address as required. Against this evidence, Mezu-Ndubuisi provides only her uncorroborated assertion that she never got notice. A reasonable juror could conclude only that Mezu-Ndubuisi received constructive notice of her right to sue the UW Hospital defendants no later than May 25, 2023.

Mezu-Ndubuisi brought this action well over 90 days later, on January 17, 2024, so her Title VII and ADA claims against the UW Hospital defendants are untimely unless equitable tolling applies. But Mezu-Ndubuisi's lack of diligence is not an extraordinary circumstance that would warrant that remedy. And, as explained above, Mezu-Ndubuisi would not be entitled to equitable tolling for either the time that the California lawsuit was pending or the period between that case's dismissal and the filing of this action. I will grant summary judgment to the UW Hospital defendants on Mezu-Ndubuisi's Title VII and ADA claims on the timeliness issue.

## CONCLUSION

To sum up, Mezu-Ndubuisi is now proceeding only on: (1) a Rehabilitation Act claim against the Board of Regents and Meriter; (2) an FMLA retaliation claim against Meriter and defendants Dr. Ellen Wald and Dr. Robert Golden; and (3) an FMLA interference claim against the Board of Regents, Wald, Golden, and defendant Dr. Ryan McAdams.

## ORDER

IT IS ORDERED:

1. Defendants' motions to dismiss, Dkt. 65 and Dkt. 67, construed in part as motions for summary judgment, *see* Dkts. 95, 97, and 100, are GRANTED in part.

7

2. Summary judgment on statute of limitations grounds is GRANTED to the Meriter defendants and the UW Hospital defendants on plaintiff Mezu-Ndubuisi's Title VII and ADA claims.

Entered July 9, 2025.

                        BY THE COURT:

                        /s/

                        _____
                        JAMES D. PETERSON
                        District Judge