IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OLACHI MEZU-NDUBUISI,

                Plaintiff,

   v.

                                                      OPINION and ORDER

BD. OF REGENTS OF THE UNIV. OF WIS. SYS.,
ROBERT GOLDEN, ELLEN WALD, RYAN                        24-cv-31-jdp
MCADAMS, and UNITYPOINT HEALTH–MERITER
HOSPITAL,

                Defendants.

---

Plaintiff Olachi Mezu-Ndubuisi is suing defendants for alleged discrimination in violation of the Rehabilitation Act and retaliation and interference in violation of the Family Medical Leave Act. Dkt. 1; Dkt. 140. Plaintiff is seeking leave to serve a deposition and document subpoena on nonparty Dr. Elizabeth Pritts by "alternate means" after three failed attempts at personal service.[1] For the reasons given below, plaintiff's motion is denied.[2]

Plaintiff hired a professional process server to personally serve Pritts. Dkt. 139 at 2. The process server attempted service at the Gago Center, what plaintiff reports as her last known place of employment, on June 17, June 23, and June 25, 2025. *Id.* During the attempts, the receptionist told the server that Pritts did not work directly for the Gago Center but was contracted through them as a "floater," that Pritts was not in the office, and that she had no scheduled return date. *Id.*

---

[1] Plaintiff named Pritts as a defendant, Dkt. 1, but she was removed from this lawsuit after the court granted her motion to dismiss. Dkt. 95.

[2] Plaintiff filed two motions seeking the same relief. Dkts. 138 & 139. The motions appear substantively identical, so the court will DENY the first-filed as duplicative.

Plaintiff's counsel also emailed Pritts's former counsel, asking whether he still represented Pritts or if she had other representation. Dkt. 139-1. Counsel responded that, "since [Pritts] was dismissed from the case . . . I have been unable to reach her to clarify or establish any further attorney/client relationship." *Id.* Why counsel was unable to reach Pritts—*e.g.*, because he did not have her current contact information or because she was not receptive to his attempts to reach her—is unclear.

Plaintiff now seeks leave to effect service by alternative means, including certified mail to the Gago Center, email service if an address is identified, or "any other method" the court deems appropriate. Dkt. 139 at 2–3. The court will deny the motion.

As a threshold matter, plaintiff's motion is largely unnecessary because at least part of the relief she seeks is already available to her. Serving a subpoena on a nonparty by certified mail is not an "alternative means" for which leave must be granted—to the contrary, the Seventh Circuit has recognized certified mail as a valid means of service for subpoenas. *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012). The authority plaintiff cites, *Cordius Trust v. Kummerfeld*, No. 99 CIV. 3200 (DLC), 2000 WL 10268 (S.D.N.Y. Jan. 3, 2000), is out-of-circuit but, nonetheless, agrees, finding "effective service under Rule 45 is not limited to personal service" and may be served by certified mail, *id.* at *2. So, plaintiff may attempt service of the subpoena by certified mail, but if she does, she should keep in mind the following points:

Regardless of the means plaintiff chooses to serve Pritts, the court is skeptical that plaintiff's strategy to serve her at Gago Center would constitute proper service. The receptionist at Gago Center reported that Pritts was not an employee, only worked there intermittently, and had no current plans to return. Essentially, plaintiff identified a place

2

where Pritts reliably isn't; she has yet to identify a place where Pritts reliably is. The court is not persuaded that plaintiff has used all the resources at her disposal, including public and private databases, to locate a proper place of service for Pritts. *See CMI Roadbuilding, Inc. v. Bohr Precision Machining, Inc.*, No. 20-MC-13-PP, 2020 WL 3964388, at *2 (E.D. Wis. July 13, 2020) (delivering subpoena to incorrect address on individuals with unknown relationship to subpoenaed party did not support proper service).

Plaintiff asserts that Pritts is dodging service, but failing to find Pritts at one location over the court of one week when that location is, at most, a part-time place of work, does not support that claim. Plaintiff must do more to show that Pritts is deliberately evading service for the court to consider granting leave for alternative means, such as service by email. *Cf. York Grp., Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 402 (7th Cir. 2011) (delivering subpoena to address where subpoenaed party was known to live was proper when supported by evidence that process server saw movement inside of residence and inhabitant refused to open door despite looking out window).

ORDER

IT IS ORDERED that:

1. For the reasons stated above, Plaintiff's motions, Dkts. 138 & 139, are DENIED.

Entered July 28, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge